IN THE UNITED SATES DISTRICT COURT FOR THE SOUTHERN DISTICT OF
MISSISSIPPI WESTERN DIVISION

ASHLEY BROOKS BRIAN SHARP
And RACHEL LEBANC
And others similarly situated

                    PLAINTIFFS

V.                            Cause No.: 5:160-cv-31KS-MTP

ILLUSIONS INC
And Thomas Walsh

## MEMORANDUM IN LAW TO OPPOSE CONDITIONAL CERTIFICATION

**FACTS**

    The current motion to certify a class pertains to the persons described in the complaint as "dancers". The motion for certifying a class bases much of its facts on a contract signed by a dancer as well details in said contract. It then goes on to state that lead plaintiff has worked at the business for at least some part of three years and estimates ten or so dancers have been employed and one potential individual may be interested in joining the suit. This does not reach the level of a class and a simple joinder would be more proper. For reasons of judicial economy and a reliance of overturned case law, the plaintiff's motion should be denied.

**Discussion**

    The brief asking for conditional certification relies heavily on *Lusardi v Xerox Corp.* 118 F.R.D 351 ( D.N.J 1987) It does note, and should be strongly observed, this case has been reversed by the Fifth Circuit. Using overturned case law as its basis, the Plaintiffs motion fails at

a basic level and should be denied..

The Plaintiffs further rely on a "fairly lenient standard" by those (in a potential class) that *may (*emphasis added) turn out to be "similarly situated" Using *Mooney v Aramco Servs. Co.,* 54 F.3d 1207.  This is another reliance on a case that has been over ruled, in this case by the United States Supreme Court.  Even without the overruling of these cases, it is not proper to pre certify any class, for the Plaintiffs' arguments fail even when applying their over turned cases law that arguably is the most favorable for them.

*Hoffman –La Roche Inc V Sterling,* 493 U.S. 165 notes that it is within the discretion of a court to begin involvement in such a matter.  Opposing brief sites the need for Judicial Economy (pg 6)  This standard again shows the need to dismiss the motion for conditional certification.  The likelihood of failure for a final certification is high based on defenses raised as independent contractors, differences in ownership and control and other factors.  This action simply creates additional actions for this court and counsel for an action that will ultimately fail.  Creating work that will result in an ultimate defeat is the very opposite of judicial economy.

**Other Factors.**

Defendant identifies three often but nor set in code factors that could apply to conditional consideration of class.  These are not required and can be dismissed by this court, but will be addressed.  Two factors fail at a basic level and are addressed as follows:

    **1.**     **Similarity of Job duties.**

Plaintiffs rely on the idea that each potential plaintiff had the exact same duties and preformed the same task. The Plaintiffs' complaint states that stripping is the "artistic removal of clothing"  By this definition, each employees job was an artistic expression and independently unique making for the arguments each potential plaintiff had a unique duty and action thus defeating

a common job duty.

. Plaintiffs also state that all parties were supervised by the same party who made all policies and procedures.. Thomas Walsh was not the owner of this establishment during a period of the time alleged.  This there is not a continuity of ownership nor control over the individuals' duties, contracts, obligations and rate of compensation.

### 2.  Geographic and Temporal Similarities

It is true that the club is in one location.  However, there are Geographic and Temporal issues that arise even with the club being in a single location in a small town in Mississippi..  These issues focus on the employees as well as changes at the club

While the employer is located in one location it is not clear that the any perspective employees are central to the area.  In the Plaintiffs' complaint, it is alleged that the dancers are from many areas not central to Woodville or Mississippi.  If that allegation is true, then this could be a far flung class and difficult to administer, *See Ryan v Staff Care Inc*. F. Supra 2d 820.  If this allegation is false, then the complaint's reliance on the dancers being part of an interstate commerce argument fails as well.  Either these potential class members are not part of interstate commerce or the dancers are part of interstate commerce and far flung is true.  These statements are mutual exclusive .  If one is true the other must be false, damaging the claims of the Plaintiffs.

Additionally, there has been a change in ownership.  Defendant Walsh did not own the club for much of the time the alleged violations occurred.  Thus there has been a change in the employer disrupting similarities and defeating a class.

### Contents and Distribution of Notice

Opposing counsel argues for many items to attempt to find or identify potential members of this proposed class.  Most objectionable is the distribution of the last for numbers of the individuals'

social security numbers. This information could be used if leaked or hacked and used to create identity theft of the individuals involved. This action would then place the Defendants in a precarious legal position exposing them to civil liability . This request should be denied even if pre conditional certification is granted.

**Conclusion**

Based on Plaintiffs' use of overruled case law, this matter should be defeated. The brief lays out a series of guidelines and legal arguments to follow that are no longer law. Even following the overturned case law, the defendant shows multiple failings under the overturned case law. Finally, as argued with the final review for certification being weak at best. this matter should be denied under the doctrine of judicial efficiency.

Illusions Inc

Thomas Welch

\_\_\_/Anders Ferrington/

Anders Ferrington pllc
MSB102444
P.O. Box 3080
Jackson MS 39207
601-316-8428

## **CERTIFICATE OF SERVICE**

I certify the following documents were sent by the United States mail, first class postage prepaid to: Joel Dillard

      This the 26th of Octber.

                                        ___/Anders Ferrington/_____
                                        Anders Ferrington (MSB #102444)

Anders Ferrington (MSB# 102444)
**Anders Ferrington PLLC**
P.O. Box 3080
Jackson, Mississippi 39207
Telephone: (601) 316-8428
anders@ferringtonlaw.com