**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ASHLEY BROOKS, et al.**                                                                       **PLAINTIFFS**

**v.**                        **CIVIL ACTION NO. 5:16-CV-31-KS-MTP**

**ILLUSIONS, INC., et al.**                                                                     **DEFENDANTS**

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on the Motion to Conditionally Certify and Send Relevant Notices to Propose FLSA Class ("Motion to Certify") [11] filed by Plaintiff Rachel LeBlanc. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is well taken and should be granted.

**I.  BACKGROUND**

Plaintiffs Rachel Leblanc ("Plaintiff"), Ashley Brooks, and Brian Sharp,[1] on behalf of themselves and all other similarly situated, filed this action under the Fair Labor Standards Act ("FLSA") against Defendants Illusions, Inc. ("Illusions"), and Thomas Walsh ("Walsh") (collectively "Defendants").  Illusions is a Mississippi corporation, and Walsh is its director, president, and registered agent.

Plaintiff was employed by Illusions as a dancer for more than twelve years, from March 2003 until October 2015.  (*See* Complaint [1] at ¶ 71.)  All dancers at Illusions signed the same contract, which sets out the terms of their relationship with Illusions.  (*See* Illusions Contract [11-2].) Plaintiff alleges that, though she and other dancers were employed as independent contractors, they were in reality employees of Illusions.  (*See* Complaint [1] at ¶ 75.)  Defendants, she claims, violated

---

[1]Plaintiffs Ashley Brooks and Brian Sharp purport to represent other classes of Illusions' employees and are not party to the current motion.

the FLSA minimum wage and overtime requirements by paying dancers, their employees, zero dollars in hourly wages.  (*See id.* at ¶¶ 150-60.)

Plaintiff now brings her Motion to Certify [11], seeking conditional certification of the class of current and former dancers at Illusions in order to send notice of the suit.  Having considered the submissions of the parties, the record, and the applicable law, the Court is now ready to rule.

## II.  DISCUSSION

The FLSA allows plaintiffs to bring suit against an employer "for and in behalf of himself or themselves and other employees similarly situated."  29 U.S.C. § 216(b); *see also Harris v. Hinds Cnty., Miss.*, No. 3:12-CV-542-CWR-LRA, 2014 WL 457913, at *1 (S.D. Miss. Feb. 4, 2014).  Unlike class actions under Federal Rule of Civil Procedure 23, in FLSA collective action suits, in order to be bound by the judgment, members of the purported class must "opt in."  *Harris*, 2014 WL 457913, at *1 (citing *H&R Block, Ltd. v. Housden*, 186 F.R.D. 399, 399 (E.D. Tex. 1999)).  Courts in the Fifth Circuit utilize the *Lusardi*[2] method when dealing with FLSA collective actions, which "advises a two-step certification analysis:  (1) the notice stage, and (2) the 'opt-in,' 'merits,' or decertification stage."[3]  *Id.* at *2 (citing *Kaluom v. Stoit Offshore, Inc.*, 474 F.Supp.2d 866, 871 (S.D. Tex. 2007)); *see also Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), *overruled on other grounds by Desert Palace, Inc. v. Costa*, 539 U.S. 90 (2003); *England v. New Century Fin. Corp.*, 370 F.Supp.2d 504, 509 (M.D. La. 2005).  Plaintiff's Motion to Certify [11] falls into the

---

[2]*Lusardi v. Xerox Corp.*, 188 F.R.D. 351 (D.N.J. 1987).

[3]Defendants incorrectly assert that *Lusardi* has been overturned by the Fifth Circuit.  *Lusardi* is a decision from the U.S. District Court for the District of New Jersey, and not subject to review by the Fifth Circuit.  The Fifth Circuit has endorsed *Lusardi* in its opinion in *Mooney v. Aramco Servs. Co.*, 54 F.3d 1207, 1214 (5th Cir. 1995), which was overruled on other grounds by the U.S. Supreme Court.

notice stage of the *Lusardi* method.

The Court uses "a fairly lenient standard" when deciding whether to conditionally certify a class for notice. *Harris*, 2014 WL 457913, at *2 (quoting *Mooney*, 54 F.3d at 1214). Plaintiff need only make a "minimal showing that (1) there is a reasonable basis for crediting the assertions that aggrieved individuals exist, (2) that those aggrieved individuals are similarly situated to the plaintiff in relevant respects given the claims and (3) that those individuals want to opt in to the lawsuit." *Id.* (quoting *Prater v. Commerce Equities Mgmt. Co., Inc.*, No. H07-2349, 2007 WL 4146714, at *4 (S.D. Tex. Nov. 19, 2007)) (internal quotations omitted). This determination is "based only on the pleadings and any affidavits which have been submitted" and "requires at least a modest factual showing sufficient to demonstrate that the plaintiff and potential plaintiffs were victims of a common policy or plan that violated the law." *Id.* (internal citations and quotations omitted).

There appears to be no dispute that Illusions employed dancers other than Plaintiff and that the these dancers worked under the same conditions as Plaintiff, with all the dancers required to sign the same contract. (*See* Illusions Contract [11-2].) Though affidavits of potential class members are favored for conditional certification, they are not required. *Harris*, 2014 WL 457913, at *3 (citing *Simmons v. T-Mobile USA, Inc.*, No. H-06-1820, 2007 WL 210008, at *9 (S.D. Tex. Jan. 24 2007). "The best way to determine whether a party is interested in joining a lawsuit is to send her notice and allow her to opt in." *Id.*

Defendants argue that the prospective class does not meet the numerosity requirement. This argument is misplaced as "there is no numerosity requirement in a FLSA class action lawsuit under the *Lusardi* approach." *Villareal v. St. Luke's Episcopal Hosp.*, 751 F.Supp.2d 902, 916 (S.D. Tex. 2010).

Defendants also contend that the potential plaintiffs are not similarly situated. They first

argue that because Plaintiff's complaint defines stripping as the "artistic removal of clothing," what each dancer does is art and necessarily a unique duty. This argument is unpersuasive as Defendants do not dispute that all the dancers were subject to the same contract and performed the same *type* of duties, even if they put their own "artistic expressions" into their acts.

Defendants next try to rely on the fact that Walsh was not director and president of Illusions during all relevant times. However, Illusions is a corporate entity with which all the dancers signed a contract. (*See* Illusions Contract [11-2].) The fact that there may have been some management changes within the corporation is of no consequence to whether the class should be conditionally certified.

Finally, Defendant contend that not all of the potential plaintiffs are from Woodville or even Mississippi, as Plaintiff alleges in her Complaint [1] that some are from Louisiana. This, Defendants argue, make the potential class "far flung" and "difficult to administer." The Court disagrees. Despite the fact that dancers at Illusions may be from out-of-state, they presumably live within commuting distance of the club, which does not make the class "far flung" or "difficult to administer."

Therefore, because Plaintiff has met the lenient standard for conditional certification under *Lusardi*, the Court will **grant** her Motion to Certify [11]. Defendants make no objections to the contents of the proposed Notice [11-4] other than to object to the distribution of the last four digits of the individuals social security numbers on privacy grounds. The Court agrees with this objection, and will not order the release of social security numbers. Should Plaintiff be unable to find members of the prospective class using the information provided, she should file a motion with the Court to compel the release of the last four digits of those specific members' social security numbers.

Within ten (10) days from the date of this order, Defendants shall provide to Plaintiff, in

4

usable electronic form, the names, addresses, email addresses, social media handles/identifiers, and phone numbers of all members of the prospective class.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that Plaintiff's Motion to Certify [11] is **granted**.

IT IS FURTHER ORDERED AND ADJUDGED that Defendants are given ten (10) days from the date of this order, Defendants shall provide to Plaintiff, in usable electronic form, the names, addresses, email addresses, social media handles/identifiers, and phone numbers of all members of the prospective class.

SO ORDERED AND ADJUDGED this the 16th day of November, 2016.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE