**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

**ASHLEY BROOKS, ET AL.**                                                         **PLAINTIFFS**

**v.**                                                   **CIVIL ACTION NO. 5:16-cv-31-KS-MTP**

**ILLUSIONS, INC., ET AL.**                                                        **DEFENDANTS**

<u>**ORDER**</u>

THIS MATTER is before the Court on Plaintiffs' Motion for Sanctions [41].  On October 21, 2016, Plaintiffs served discovery requests upon Defendants. *See* Notices [16] [17] [18].  On December 14, 2016, the Court conducted a telephonic conference with the parties regarding discovery issues.  During the conference, Plaintiffs asserted that Defendants had failed to provide discovery responses and moved *ore tenus* to compel Defendants to respond to their interrogatories, requests for admissions, and requests for production.  The Court granted Plaintiffs' *ore tenus* motion to compel, directed Defendants to respond to Plaintiffs' requests for admissions that very day—December 14, 2016, and directed Defendants to serve responses to Plaintiffs' interrogatories and requests for production by December 23, 2016. *See* Order [25].

On December 23, 2016, Defendants provided responses to Plaintiffs' discovery requests. *See* Notices [26] [27].  Thereafter, disputes arose between the parties regarding the sufficiency of Defendants' discovery responses.  On January 4, 2017, the Court conducted another telephonic conference with the parties regarding their discovery disputes.  The parties were unable to resolve their disputes, and on January 13, 2017, Plaintiffs filed a Motion to Compel [29].  In their Motion [29], Plaintiffs complained that Defendants provided, *inter alia*, interrogatory responses which are not sworn under oath, some discovery responses which were inconsistent, and others which were incomplete.

On February 3, 2017, the Court ordered Defendants to sign under oath their answers to Plaintiffs' interrogatories and provide them to Plaintiffs on or before February 8, 2017. *See* Order [39]. The Court also granted Plaintiffs leave to depose Defendants Thomas Walsh and Illusions, Inc. regarding Plaintiffs' discovery requests, Defendants' discovery responses, and Defendants' business records and record keeping procedures. *Id.* The Court directed the parties to confer on or before February 10, 2017, to schedule these depositions. *Id.* The Court declined to award fees or impose sanctions at that time, but warned Defendants that their "failure to comply with this order may result in the Court assessing the costs and fees involved or imposing other sanctions." *Id.*

On February 17, 2017, Plaintiffs filed the instant Motion for Sanctions [41]. According to Plaintiffs, Defendants have not provided sworn answers to interrogatories or responded to their requests to schedule the depositions of Thomas Walsh and Illusions, Inc. Defendants failed to respond to Plaintiffs' Motion [41].[1] Additionally, Defendants have not filed notices of compliance confirming that they provided sworn responses and scheduled depositions as required by the Court's Order [39].

Defendants have clearly failed to comply with the Court's Order. This Court has broad discretion to exercise its various sanctioning powers. *Topalian v. Ehrman*, 3 F.3d 931, 934 (5th Cir. 1993); *Shipes v. Trinity Indus.*, 987 F.2d 311, 323 (5th Cir. 1993) ("The imposition of sanctions is a matter of discretion for the district court."). Federal Rule of Civil Procedure 37(b) allows for sanctions when a party fails to obey a discovery order. The sanctions may include directing that facts be taken as established, prohibiting the party from supporting or opposing

---

[1] Pursuant to Local Rule 7(b)(3)(A) Defendants were required to respond to Plaintiffs' Motion [41] or file a notice that they did not intend to respond. Defendants did neither.

claims or defenses, striking pleadings, staying the proceedings until the order is obeyed, dismissing the action, rendering default judgment, or finding the party in contempt of court. Fed. R. Civ. P. 37(b)(2)(A).  In lieu of, or in addition to the aforementioned sanctions, "the court must order the disobedient party, the attorney advising the party, or both to pay the reasonable expenses, including attorney's fees, caused by the failure, unless the failure was substantially justified or other circumstances make an award of expenses unjust." Fed. R. Civ. P. 37(b)(2)(C).

Generally speaking, courts should punish parties no more harshly than is necessary to vindicate the injury inflicted by the particular misbehavior at issue. *Carroll v. Jaques Admiralty Law Firm, P.C.*, 110 F.3d 290, 294 (5th Cir. 1997).  "Rule 37 sanctions must be applied diligently both to penalize those whose conduct may be deemed to warrant such a sanction, and to deter those who might be tempted to such conduct in the absence of such a deterrent." *Roadway Express, Inc. v. Piper*, 447 U.S. 752, 763-64 (1980).

In their Motion [41], Plaintiffs request that the Court prohibit Defendants from introducing evidence—not previously produced—opposing Plaintiffs' claims and request that the Court award them costs and attorney's fees incurred by bringing their discovery motions. Defendants failed to respond to Plaintiffs' Motion [41], and the Court finds no substantial justification for Defendants' failure to cooperate in discovery or obey the Court's Order [39] or other circumstances which would make an award of fees and expenses unjust.  Thus, Plaintiffs should be awarded their attorney's fees and expenses incurred in connection with their Motion to Compel [29] and the instant Motion [41].

However, as prohibiting Defendants from introducing certain evidence may effectively deprive Defendants of the opportunity to contest the merits of the case, the Court finds that Defendants should be afforded a final opportunity to comply with the Court's orders and that a

3

lesser sanction should be imposed. **Defendants are warned that their failure to timely comply with this order may result in additional sanctions, such as prohibiting them from introducing evidence opposing Plaintiffs' claims or entry of a default judgment.**

IT IS, THEREFORE, ORDERED that:

1. Plaintiffs' Motion for Sanctions [41] is GRANTED in part and DENIED in part.

2. On or before March 21, 2017, Defendants shall sign under oath their answers to Plaintiffs' interrogatories and provide them to Plaintiffs. Defendants shall immediately file a notice of compliance confirming that sworn responses have been provided. **Failure to do so will result in the imposition of sanctions against Defendants and/or their counsel.**

3. On or before March 21, 2017, the parties shall confer and schedule the depositions of Defendants Thomas Walsh and Illusions, Inc. Defendants shall initiate this communication and provide potential dates for the depositions in writing. By March 21, 2017, Defendants shall file a notice of compliance with this order, informing the Court of the dates of the depositions. The parties' full cooperation is expected.

4. On or before March 24, 2017, Plaintiffs' counsel shall file an affidavit and itemization of fees and expenses incurred in connection with their Motion to Compel [29] and Motion for Sanctions [41].

5. On or before March 28, 2017, Defendants shall file their response, if any, to the itemization of fees and expenses.

6. Thereafter, the Court shall award the monetary sanction by separate order. Given the ongoing nature of the discovery violations and defense counsel's failure to respond to pending motions, the Court intends to sanction the Defendants *and* their counsel.

7. Any other relief sought in the Motion for Sanctions [41] is denied.

SO ORDERED this the 16th day of March, 2017.

s/Michael T. Parker
UNITED STATES MAGISTRATE JUDGE