**IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
WESTERN DIVISION**

**ASHLEY BROOKS, ET AL.**                                                                 **PLAINTIFFS**

**v.**                                                     **CIVIL ACTION NO. 5:16-cv-31-KS-MTP**

**ILLUSIONS, INC., ET AL.**                                                              **DEFENDANTS**

**ORDER**

On December 14, 2016, the Court conducted a telephonic conference with the parties, during which Plaintiffs moved *ore tenus* to compel Defendants to respond to their interrogatories, requests for admissions, and requests for production. The Court granted Plaintiffs' *ore tenus* motion to compel and directed Defendants to respond to Plaintiffs' discovery requests. *See* Order [25]. Thereafter, disputes arose between the parties regarding the sufficiency of Defendants' discovery responses, and on January 13, 2017, Plaintiffs filed a Motion to Compel [29], complaining that Defendants provided, *inter alia*, interrogatory responses which are not sworn under oath, some discovery responses which were inconsistent, and others which were incomplete.

On February 3, 2017, the Court ordered Defendants to sign under oath their answers to interrogatories and provide them to Plaintiffs. *See* Order [39]. The Court also granted Plaintiffs leave to depose Defendants Thomas Walsh and Illusions, Inc. and directed the parties to confer on or before February 10, 2017, to schedule these depositions. *Id*.

On February 17, 2017, Plaintiffs filed a Motion for Sanctions [41], asserting that Defendants failed to provide sworn answers to interrogatories or respond to their requests to schedule the depositions of Thomas Walsh and Illusions, Inc. The Court granted in part and denied in part Plaintiffs' Motion for Sanctions [41]. *See* Order [43]. The Court found that an

1

award of sanctions was proper and directed Plaintiffs' counsel to file an affidavit and itemization of fees and expenses incurred in connection with the Motion to Compel [29] and Motion for Sanctions [41]. Plaintiffs' counsel submitted the required affidavit. *See* Affidavit [45]. No opposition was filed by Defendants although they were afforded an opportunity to do so.

Reasonable attorney's fees are determined by calculating the "lodestar" by multiplying the reasonable hours expended by a reasonable hourly rate. *League of United Latin Am. Citizens No. 4552 v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1232 (5th Cir. 1997). A court must determine whether the total number of hours claimed was reasonable and whether specific hours claimed were reasonably expended. *Id*. After calculating the hours reasonably expended, a court must determine a reasonable hourly rate "based on the prevailing market rates in the relevant community." *Assoc. Builders & Contractors of La., Inc. v. Orleans Parish Sch. Bd.*, 919 F.2d 347, 379 (5th Cir. 1990) (quotations and citation omitted). In making these considerations, a court should consider the factors articulated in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974).[1]

In his affidavit, Plaintiffs' counsel requests attorney's fees for 16.25 hours at a rate of $260.00 per hour for a total amount of $4,225.00. Regarding the hours expended, "[t]he Fifth Circuit has emphasized that district courts should reduce attorneys' fees awards where attorneys do not exercise billing judgment, i.e., exclude 'unproductive, excessive, or redundant hours.'" *Brown v. Ascent Assurance, Inc.*, 191 F. Supp. 2d 729, 733 (N.D. Miss. 2002) (quoting *Walker v.*

---

[1] The *Johnson* factors include: (1) the time and labor required, (2) the novelty and difficulty of the question, (3) the skill required to perform the legal service properly, (4) the preclusion of other employment by the attorney due to acceptance of the case, (5) the customary fee, (6) whether the fee is fixed or contingent, (7) time limitations imposed by the client or the circumstances, (8) the amount involved and the results obtained, (9) the experience, reputation, and ability of the attorneys, (10) the "undesirability" of the case, (11) the nature and length of the professional relationship with the client, and (12) awards in similar cases.

*United States Dep't. of Hous. and Urban Dev.*, 99 F.3d 761, 770 (5th Cir. 1996)). Hours which "are excessive, redundant, or otherwise unnecessary," or which result from the case being "overstaffed," are not hours "reasonably expended" and are to be excluded from the lodestar calculation. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983).

The Court finds that the number of hours requested by Plaintiffs' counsel is reasonable under the circumstances. No unusual or unique skills were required to perform the legal services rendered, nor were the questions presented in the subject motions novel or difficult. However, the Court has reviewed the submissions of Plaintiffs' counsel and finds that the amount of the claimed hours (16.25) was reasonably expended.

Regarding the reasonable hourly rate, Plaintiffs' counsel argues that the relevant community for lodestar purposes should be the Jackson, Mississippi, legal community—counsel's home district—because he is not aware of any attorneys located in the Western Division of the Southern District of Mississippi who are bringing collective actions under the Fair Labor Standards Act. Plaintiffs' counsel cites *McClain v. Lufkin Industries, Inc.*, 649 F.3d 374 (5th Cir. 2011) in support of his argument. According to *McClain*, out-of-district counsel may be entitled to the rates they charge in their home districts under certain limited circumstances. Unlike counsel in *McClain*, however, Plaintiffs' counsel has not provided "abundant and uncontradicted evidence" that it was necessary for Plaintiffs to turn to out-of-district counsel. Accordingly, the relevant legal community for this action is the Western Division.

This Court is familiar with the prevailing hourly rates in the community and finds that $260.00 per hour is a reasonable hourly rate. Attorneys in the Western Division of this Court

routinely appear in the Northern Division and vice versa.  The fees charged in each community are similar.

After reviewing the record and applicable law, including the *Johnson* factors, the Court finds that Plaintiffs should be awarded $260.00 per hour for 16.25 hours for a total sum of $4,225.00.  Pursuant to Federal Rule of Civil Procedure 37(b)(2)(C), a court may "order the disobedient party, the attorney advising that party, or both" to pay the sanction.  Given the nature of the ongoing discovery issues (such as Defendants' failure to provide sworn answers to interrogatories and their failure to cooperate in scheduling depositions) and given Defendants' failure to respond to pending motions and orders,[2] the Court finds that Defendants and their counsel should be sanctioned.

IT IS, THEREFORE, ORDERED that Defendants and their counsel, jointly and severally, shall pay to Plaintiffs, through Plaintiffs' counsel, the sum of $4,225.00 in sanctions on or before May 12, 2017.

SO ORDERED this the 10th day of April, 2017.

s/Michael T. Parker  
UNITED STATES MAGISTRATE JUDGE

---

[2] For example, Defendants failed to respond to Plaintiffs' Motion for Sanctions [41] or notify the Court of their intent not to respond as required by Local Rule 7(b)(3)(A).