**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF MISSISSIPPI**
**WESTERN DIVISION**

ASHLEY BROOKS, et al.                                                    PLAINTIFFS

v.                                                    CIVIL ACTION NO. 5:16-CV-31-KS-MTP

ILLUSIONS, INC., et al.                                                  DEFENDANTS

**ORDER**

On February 14, 2017, the Court issued its Order [40] granting Plaintiffs' Motion for Contempt [31], holding Defendants in civil contempt for failure to comply with the Court's previous Order [23]. In its Order [40], the Court awarded Plaintiffs attorneys' fees in connection to their efforts to enforce the Court's previous Order [23]. (*See* Order [40] at p. 2.) Plaintiffs have accordingly submitted their Affidavit [44], stating that their attorneys' fee award for their Motion for Contempt [31] should be $3,445.00, which is an hourly rate of $260.00 multiplied by 13.25, the hours billed in connection to the subject motion.

The Fifth Circuit "appl[ies] a two-step method for determining a reasonable attorney's fee award." *Combs v. City of Huntington, Tex.*, 829 F.3d 388, 391 (5th Cir. 2016) (citing *Jimenez v. Wood Cnty.*, 621 F.3d 373, 379 (5th Cir. 2010), on *reh'g en banc*, 660 F.3d 841 (5th Cir. 2011)). First, the Court calculates the lodestar, "which is equal to the number of hours reasonably expended multiplied by the prevailing hourly rate in the community for similar work." *Id.* at 392. In doing so, the Court "should exclude all time that is excessive, duplicative, or inadequately documented." *Id.* "Though the lodestar is presume reasonable," the Court is allowed to increase or decrease the award amount based on the twelve factors listed in *Johnson v. Georgia Highway Express, Inc. Id.*

Plaintiffs submit that the total hours billed for the Motion for Contempt [31] equaled 15.75 hours before their attorney adjusted it to 13.25. Reviewing the submitted time records [44-1], the

Court finds that these hours are reasonable and do not appear to be "excessive, duplicative, or inadequately documented." *See Combs*, 829 F.3d at 392. Furthermore, as the Court held in its previous Order [46], the $260.00 hourly rate is a reasonable rate in the Western Division of this Court. (*See* Order [46] at pp. 3-4.) Therefore, the proper lodestar is the hourly rate of $260.00 multiplied by the reasonable hours expended, 13.25, or $3,445.00.

The Court does not find that any *Johnson* factor applies to increase or decrease the lodestar. As such, Plaintiffs shall be awarded $3,445.00 in attorneys' fees.

IT IS THEREFORE ORDERED AND ADJUDGED that Defendants and their counsel, jointly and severally, shall pay to Plaintiffs, through Plaintiffs' counsel, the sum of $3,445.00 in attorneys' fees awards on or before May 12, 2017.

SO ORDERED AND ADJUDGED on this the  12th   day of April, 2017.

                                        s/Keith Starrett
                                        KEITH STARRETT
                                        UNITED STATES DISTRICT JUDGE