# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ASHLEY BROOKS, et al.**                                                                           **PLAINTIFFS**

**v.**                                                         **CIVIL ACTION NO. 5:16-CV-31-KS-MTP**

**ILLUSIONS, INC., et al.**                                                       **DEFENDANTS**

## ORDER

This matter is before the Court on the Motion for Reconsideration [53] filed by Defendants and their counsel. In this motion, Defendants and their counsel request that the Court reconsider its Order [51] granting the Motion for Contempt and Sanctions ("Motion for Contempt") [48] filed by Plaintiffs. The Court finds that this motion is not well taken and should be denied.

"A motion asking the court to reconsider a prior ruling is evaluated . . . as a motion . . . under Rule 59(e) . . . [when] filed within twenty-eight days after the entry of judgment . . . ." *Demahy v. Schwarz Pharma, Inc.*, 702 F.3d 177, 182 n.2 (5th Cir. 2012). The current motion was filed within this twenty-eight-day time period.

"A Rule 59(e) motion calls into question the correctness of a judgment." *Templet v. Hydrochem Inc.*, 367 F.3d 473, 478 (5th Cir. 2004). Rule 59(e) motions are "not the proper vehicle for rehashing evidence, legal theories, or arguments that could have been offered or raised before the entry of judgment," *id.* at 478, and they "should not be used to . . . re-urge matters that have already been advanced by a party." *Nationalist Movement v. Town of Jena*, 321 F.App'x 359, 364 (5th Cir. 2009). Reconsideration of a previous order is "an extraordinary remedy that should be used sparingly." *Id.*

Defendants did not file a response to Plaintiffs' Motion for Contempt [48], nor did they file a response to Plaintiffs' previous Motion for Sanctions [42]. Defendants and their counsel have

failed to take any action in this case since January 30, 2017, despite multiple motions and orders regarding sanctions being filed against them. Any argument Defendants and their counsel now put forward is untimely and will not be considered.

Defendants also request an extension of thirty (30) days to pay the required sanctions. Defendants, however, have had months to pay these sanctions and have failed to do so.[1] The Court will not grant them more time now.

Finally, counsel asserts that he should be excused from liability of these sanctions because they put him in an adversarial position with Defendants and because the Court's Order [50] detailing the deadline for his response to the Motion for Contempt [48] was lost in his e-mail server. First, if counsel feels as if he is in an adversarial position with his clients, he should take whatever steps he deems necessary to remedy the situation. The Court does not, however, find that it excuses him from liability for sanctions which are, in part, due to his own actions in this case. Second, the Court does not find the excuse that counsel lost its timing order valid. The deadline for the response in the Order [50] was the same deadline as set by Local Uniform Civil Rule 7(b)(4), of which counsel should have been well aware.

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Reconsideration [53] is **denied**.

SO ORDERED AND ADJUDGED on this the ___7th___ day of July, 2017.

    _s/Keith Starrett_____
    KEITH STARRETT
    UNITED STATES DISTRICT JUDGE

---

[1] The Court would point out that the amount of sanctions is a reflection of the time Defendants have had to pay previous sanctions and to comply with the Court's orders, as Defendants were required to pay $100 per day until they came into compliance.