# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

**ASHLEY BROOKS, et al.**                                                                 **PLAINTIFFS**

**v.**                                                            **CIVIL ACTION NO. 5:16-CV-31-KS-MTP**

**ILLUSIONS, INC., et al.**                                                               **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion for Relief from Orders Awarding Sanctions and Request to Set Aside Entry of Default ("Motion for Relief") [60] filed by Defendants Illusions, Inc., and Thomas Walsh. After considering the submissions of the parties, the record, and the applicable law, the Court finds that this motion is not well taken and should be denied.

## I.  BACKGROUND

Plaintiffs Rachel Leblanc, Ashley Brooks, and Brian Sharp (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, filed this action under the Fair Labor Standards Act ("FLSA") against Defendants Illusions, Inc. ("Illusions"), and Thomas Walsh ("Walsh") (collectively "Defendants"). Illusions is a Mississippi corporation, and Walsh is its director, president, and registered agent.

On November 16, 2016, the Court issued an Order [23] directing Defendants to "provide to Plaintiff, in usable electronic form, the names, addresses, email addresses, social media handles/identifiers, and phone numbers of all members of the prospective class" within ten (10) days. (Order [23] at p. 5.) After Defendants failed to comply with this Order [23], Plaintiffs' filed a Motion for Contempt [31].

On February 14, 2017, the Court issued its Order [40] granting Plaintiffs' Motion for Contempt [31], holding Defendants in civil contempt for failure to comply with the Court's

previous Order [23].  In that Order [40], the Court held that Defendants had failed to provide Plaintiffs with the information required by its previous Order [23] and sanctioned them $100 per day until they came into complete compliance.  The Court also ordered Defendants to pay Plaintiffs attorney fees in connection with its Motion for Contempt [31].

Additionally, on March 16, 2017, the Court further sanctioned Defendants and their counsel for failure to comply with discovery and for failure to respond to pending motions.  (*See* Order [43].)

On June 5, 2017, Plaintiffs filed a second Motion for Contempt [48], alleging that Defendants never complied with the Court's Orders [23][43].  Defendants never responded to this motion.  The Court subsequently granted this motion and found Defendants to be in contempt of court.  Defendants were sanctioned, and default was entered against them.

Defendants have obtained a new attorney to represent them.  On August 18, 2017, Defendants filed the current Motion for Relief [60], seeking relief from default and sanctions pursuant to Federal Rule of Civil Procedure 60(b) and blaming their previous misconduct on the deficiencies of their previous attorney.  Plaintiffs filed their Response [63] in opposition to this motion on August 22, 2017.  Defendants filed no rebuttal.

## II.  DISCUSSION

The Fifth Circuit has held that, to gain relief under Federal Rule of Civil Procedure 60(b), the movant must show that he has a meritorious cause of action or defense.  *See Pease v. Pakhoed Corp.*, 980 F.2d 995, 998 (5th Cir. 1993).  Furthermore, a "bare assertion" that a meritorious claim or defense is "insufficient" to meet this requirement.  *Id.* at 1000.

Defendants only briefly address this requirement by stating that they "have meritorious defenses because the Plaintiffs were adequately compensated under the applicable law."  (Memo.

in Support [61] at p. 6.)  "Such a bald allegation, without the support of facts underlying the defense, will not sustain the burden of the defaulting party under Rule 60(b).  In an attempt to determine the meritorious nature of a defense, the trial court must have before it more than mere allegations that a defense exists." *Pease*, 980 F.2d at 1000 (quoting *Gomes v. Williams*, 420 F.2d 1364, 1366 (10th Cir. 1970)).  The failure to substantiate this assertion is a "sufficient basis to deny Rule 60(b) relief." *Id.*

Therefore, because Defendants have not shown that they have a meritorious defense to Plaintiffs' claims, they are not entitled to relief under Rule 60(b).  Their Motion for Relief [60] will be **denied**.

### III.  CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion for Relief [60] is **denied without prejudice**.

SO ORDERED AND ADJUDGED on this the 6th day of September, 2017.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE