# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# WESTERN DIVISION

ASHLEY BROOKS, et al.                                                                PLAINTIFFS

v.                                                       CIVIL ACTION NO. 5:16-CV-31-KS-MTP

ILLUSIONS, INC., et al.                                                              DEFENDANTS

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on the Motion to Set Aside Default [82] and Motion for Relief From Sanctions ("Motion for Relief") [85] filed by Defendants Illusions, Inc., and Thomas Walsh. After considering the submissions of the parties, the record, and the applicable law, the Court finds that neither of these motions are well taken and that both should be denied.

## I.  BACKGROUND

Plaintiffs Rachel Leblanc, Ashley Brooks, and Brian Sharp (collectively "Plaintiffs"), on behalf of themselves and all other similarly situated individuals, filed this action under the Fair Labor Standards Act ("FLSA") against Defendants Illusions, Inc. ("Illusions"), and Thomas Walsh ("Walsh") (collectively "Defendants"). Illusions is a Mississippi corporation, and Walsh is its director, president, and registered agent.

On November 16, 2016, the Court issued an Order [23] directing Defendants to "provide to Plaintiff, in usable electronic form, the names, addresses, email addresses, social media handles/identifiers, and phone numbers of all members of the prospective class" within ten (10) days. (Order [23] at p. 5.) After Defendants failed to comply with this Order [23], Plaintiffs filed a Motion for Contempt [31].

On February 14, 2017, the Court issued its Order [40] granting Plaintiffs' Motion for Contempt [31], holding Defendants in civil contempt for failure to comply with the Court's

previous Order [23]. In that Order [40], the Court held that Defendants had failed to provide Plaintiffs with the information required by its previous Order [23] and sanctioned them $100 per day until they came into complete compliance. The Court also ordered Defendants to pay Plaintiffs attorney fees in connection with its Motion for Contempt [31].

Additionally, on March 16, 2017, the Court further sanctioned Defendants and their counsel for failure to comply with discovery and for failure to respond to pending motions. (*See* Order [43].)

On June 5, 2017, Plaintiffs filed a second Motion for Contempt [48], alleging that Defendants never complied with the Court's Orders [23][43]. Defendants never responded to this motion. The Court subsequently granted this motion and found Defendants to be in contempt of court. Defendants were sanctioned, and default was entered against them.

Defendants have obtained a new attorney to represent them. On August 18, 2017, Defendants filed the current Motion for Relief [60], seeking relief from default and sanctions pursuant to Federal Rule of Civil Procedure 60(b) and blaming their previous misconduct on the deficiencies of their previous attorney. Plaintiffs filed their Response [63] in opposition to this motion on August 22, 2017. Defendants filed no rebuttal. This motion was denied without prejudice on September 6, 2017. (*See* Order [67].)

Defendants now file their Motion to Set Aside Default [82] and Motion for Relief [85], once again asking for relief from default and sanctions and blaming previous misconduct on their former attorney.

## II. DISCUSSION

### A. Motion to Set Aside Default [82]

Under Federal Rule of Civil Procedure 55, "[t]he court may set aside an entry of default for good cause, and it may set aside a final default judgment under Rule 60(b)."[1] Fed. R. Civ. P. 55(c). "[T]he decision to set aside a default is committed to the sound discretion of the trial court." *Moreno v. LG Elecs., USA Inc.*, 800 F.3d 692, 698 (5th Cir. 2015) (quoting *In re Dierschke*, 975 F.2d 181, 183 (5th Cir. 1992)). However, the Fifth Circuit has held that "district courts generally should grant motions to set aside a default unless the default was willful, the plaintiff will be prejudiced, *or* the defendant has no meritorious defense." *Id.* (emphasis added). In this case, Defendants have failed to show that the default was not willful. Defendants have also not shown that Plaintiffs would not be prejudiced.

Though Defendants contend that all willful conduct leading to the Court's entry of default was done by their previous attorney, they have not cited any authority stating parties cannot be held accountable for their attorney's willful conduct that led to an entry of default. In response, however, Plaintiffs cite *Link v. Wabash Railroad Co.*, which unequivocally held that there was "no merit" in the argument that a party could not be held accountable for the "unexcused conduct" of his attorney. 370 U.S. 626, 633, 82 S. Ct. 1386, 8 L.Ed.2d 734 (1962). "Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have 'notice of all facts, notice of which can be charged upon the attorney.'" *Id.* at 634 (quoting *Smith v. Ayer*, 101 U.S. 320, 326, 25 L.Ed. 955 (1879)). The Supreme Court elaborated on this statement in a footnote:

> Surely if a criminal defendant may be convicted because he did not have the presence of mind to repudiate his attorney's conduct in the course of a trial, a civil

---

[1] Though Plaintiffs argue that a default judgment has been entered against Defendants, they are mistaken. No motion for default judgment has ever been filed or considered by the Court.

> plaintiff may be deprived of his claim if he failed to see to it that his lawyer acted with dispatch in the prosecution of his lawsuit. And if an attorney's conduct falls substantially below what is reasonable under the circumstances, the client's remedy is against the attorney in a suit for malpractice. But keeping this suit alive merely because plaintiff should not be penalized for the omissions of his own attorney would be visiting the sins of plaintiff's lawyer upon the defendant. Moreover, this Court's own practice is in keeping with this general principle. For example, if counsel files a petition for certiorari out of time, we attribute the delay to the petitioner and do not request an explanation from the petitioner before acting on the petition.

*Id.* at 634 n.10. This Court sees no reason why the same principles do not apply to the conduct of Defendants' previous counsel. While there is a possibility that *Link* could be distinguished from the case at bar,[2] Defendants have wholly failed to address this precedent.[3]

Because Defendants have not shown that their former attorney's actions in this case should not be attributed to them, the Court cannot find that their actions were not willful. If Defendants feel as if their former attorney has harmed them by not handling their case with due care, their remedy is to pursue a malpractice suit against him. *See Link*, 370 U.S. at 634 n.10, 82 S. Ct. 1386.

Defendants have also not shown that Plaintiffs would not be prejudiced if the default were set aside. This Court has previously held that expending time and resources in the litigation while the opposing side neglected it was itself slightly prejudicial. *See Cash Flow Res., L.L.C. v. Hard Rock Specialized, L.L.C.*, Civil Action No. 2:11-CV-190-KS-MTP, 2013 WL 12122000, at *4 (Dec. 12, 2013). Furthermore, Defendants' neglect, whether through their own willful conduct or their former attorney's, has prevented Plaintiffs from having access to information vital to their case which the Court has already ruled that they were entitled to. Defendants were ordered to give Plaintiffs information as to potential members of their class in November 2016, nearly a year and

---

[2] This authority is over fifty years old, and the Court is sure the issue has been addressed by other courts since *Link*. However, it is Defendants' duty to direct the Court to law that supports their position. Defendant have failed to do so. In fact, Defendants have failed to cite one legal authority that the willful conduct of their attorney cannot be imputed to them.

[3] Defendants do inexplicably cite this case in a separate paragraph on page two of their Rebuttal [90], but it is not connected to any argument nor is it discussed in any of the surrounding paragraphs.

a half ago. Defendants have made no representation that they are now willing to give over that information as required by the Court's original Order [23], which is not before the Court for reconsideration. Additionally, because of the statute of limitations under the FLSA is not tolled for a class action complaint, the delay in this litigation caused by Defendants', or their attorney-agent's, willful conduct most certainly has already prejudiced Plaintiffs and setting aside the default would only exacerbate the prejudice.

Therefore, for the foregoing reasons, the Court will **deny** the Motion to Set Aside Default [82].

### B. Motion for Relief [85]

Defendants also ask for relief from the awards of sanctions and attorneys' fees the Court imposed in its previous Order [51] and all subsequent motions to compel and for contempt. They bring this request under Federal Rule of Evidence 60(b)(1) on the basis of excusable neglect or, alternatively, Rule 60(b)(6), which states that relief may be granted on "any reason that justifies relief." Defendants argue that it was excusable neglect on their part to rely on the expertise of their attorney and that, even if it were not, they should be relieved from these sanctions and fees in order to prevent manifest injustice.

First, Defendants have cited no authority which suggests that a party's lack of involvement in their litigation and their delegation and deference to their attorney is excusable neglect which is cause for relief under Rule 60(b)(1). The Supreme Court's reasoning in *Link* suggests that such a holding would undermine our system of representative litigation. *See* 370 U.S. at 634, 82 S. Ct. 1386 ("Any other notion would be wholly inconsistent with our system of representative litigation, in which each party is deemed bound by the acts of his lawyer-agent and is considered to have

5

'notice of all facts, notice of which can be charged upon the attorney.'"). Therefore, the Court does not believe that Defendants have shown excusable neglect.

Second, because the sanctions and attorneys' fees in this case were based on Defendants' failure to comply with the Court's Order [23] requiring certain identifying information being turned over to Plaintiffs, the Court does not believe it is manifestly unjust to hold Defendants to these awards when this information has not been turned over and Defendants have made no representation that they are *willing* to turn it over. Rule 60(b)(6) has been interpreted by the Fifth Circuit "to make available those grounds which equity has long recognized as a basis of relief." *Smith v. Jackson Tool & Die, Inc.*, 426 F.2d 5, 8 (5th Cir. 1970) (quoting *Bros. Inc. v. W.E. Grace Mfg. Co.*, 320 F.2d 594, 608 (5th Cir. 1963)). The Court does not believe that equitable relief is warranted where Defendants have made no good faith showing that they are willing to comply with the Court's original Order [23], from which Defendants have not moved for relief.

Therefore, because Defendants have not shown excusable neglect and because they have not shown that justice and equity requires relief be given, the Court will **deny** the Motion for Relief [85].

### III. CONCLUSION

IT IS THEREFORE ORDERED AND ADJUDGED that the Motion to Set Aside Default [82] is **denied**.

IT IS FURTHER ORDERED AND ADJUDGED that the Motion for Relief [85] is **denied**.

SO ORDERED AND ADJUDGED on this the 1st day of March, 2018.

*s/Keith Starrett*
UNITED STATES DISTRICT JUDGE